Gregory v. Milwaukee County, 186 Wis. 235.

---

GREGORY, Respondent, vs. MILWAUKEE COUNTY, Appellant.

*November 14, 1924—March 10, 1925.*

*Counties: Acknowledgments taken by deputy clerks: To whom fees belong.*

1. All work done by a county official which is incidental to the discharge of his official duties is work done for the county. p. 238.

2. The time of a salaried officer of a county consumed in work incidental to official duties during office hours, belongs solely to his employer, and if a charge is made for such work it inures to the benefit of the county unless there is a clear, valid statutory direction to the contrary. p. 239.

3. In view of sub. (8), sec. 59.15, and sub. (16), sec. 59.17, Stats.,
requiring county clerks to turn over to the county all official
fees, the notary fees received by their deputies for assisting,
during working hours, applicants for hunting and marriage
licenses, belong to the county and not to the deputies.   p. 238.

APPEAL from a judgment of the circuit court for Milwaukee county: WALTER SCHINZ, Circuit Judge.  *Reversed.*

Action to recover notarial fees received during the years 1913, 1914, 1915, and 1916 while plaintiffs were employed as clerks, assistants, and deputies in the office of the county clerk of *Milwaukee County.*  The complaint alleges, among other things:

"That during said time, solely by virtue of their respective offices of notaries public and not in performance of any duties owing to *Milwaukee County* as such clerks, assistants, and deputies in said county clerk's office, they performed services as notaries public in taking general acknowledgments and acknowledgments for hunting licenses and marriage licenses for which they charged and received the fees prescribed by law for notaries public."

It is further alleged that the sums specified in the complaint were paid by the plaintiffs into the county treasury of *Milwaukee County* by direction and demand of *Milwaukee County*, but that such sums were paid under protest and without recognition of any legal right on the part of *Milwaukee County* to retain the same. The claims were disallowed by the county board on January 30, 1917, and the plaintiffs appealed to the circuit court for *Milwaukee County.*  The trial court held that the services rendered by the plaintiffs in taking the acknowledgments "were not germane to or part of their duties as assistants to the county clerk and were not performed as part of their official duties, and further were not performed voluntarily within the scope of their official duties." It further found that the claims had all been assigned to *Franz E. Gregory,* one of the plaintiffs, and that the amount due from the county to said *Greg-*

*ory* was the sum of $7,683.99, for which sum judgment was entered in his favor. The defendant appealed.

The cause was submitted for the appellant on the brief of *Eugene Wengert,* district attorney of Milwaukee county, and *Daniel W. Sullivan,* first assistant district attorney, and for the respondent on that of *Henry S. Sloan* of Milwaukee.

The following opinion was filed December 9, 1924:

VINJE, C. J. The law no doubt contemplates that applications for both marriage and hunting licenses shall be complete, including the verification, before the county clerk can be required to act upon them. And it must be admitted that any service rendered in perfecting the application is rendered to the applicant. But the question arises, When such service is rendered the applicant, is it rendered to him by the county or by the assistant or deputy clerk as an individual? The trial court held it was rendered by the assistant clerk as an individual and not by the county through him. There is much to be said for this view as a matter of pure logic. But logic sometimes leads to absurd or at least undesirable results which should not be reached except upon the most clear and explicit demands of written law.

The county clerk, his deputy and assistants were upon a salary basis, and by statute they were required to turn over to the county all official fees received by them. Sub. (8), sec. 59.15; sub. (16), sec. 59.17, Stats.

This was reinforced by a resolution of the county board of *Milwaukee County* passed November 12, 1895, which required the county clerk "to pay into the county treasury all fees and emoluments of office received by him."

The evidence clearly shows that the services were rendered by the deputy and assistants during the ordinary office hours. They were therefore rendered on time paid for by *Milwaukee County,* and must be held to have been services which *Milwaukee County* and not the clerks individually rendered the applicants. As the issuance of hunting and

marriage licenses must practically be conducted in a county with the population of *Milwaukee,* it becomes inevitably necessary to assist applicants in the filling out of applications and in the administration of oaths. The office has the blanks, and few applicants take them away from the office. To enable the county clerk to expedite the business and not cause too much trouble and delay to the applicants he must, *ex necessitate,* aid them in filling out blanks and in administering oaths. This work is practically a necessary incident to the duty of issuing the licenses. And the clerk and his assistants, being on a salary basis, are paid by *Milwaukee County* for the time they spend in rendering such assistance. The work being incidental to their official duties, the county may require the clerk and his assistants to perform it. But whether it can or not, when, as in this case, they voluntarily undertake to do it on county time the county should receive the fees therefor.

The trial judge found that the services "were not performed voluntarily within the scope of their official duties." This must be held to mean only that they did not voluntarily consider them official acts. There is no evidence that they refused to perform the services or made any objection thereto. Under such state of facts it becomes a question of law whether or not they were done for the county or for the applicants.

The better rule in such cases is to consider all work incident to the discharge of purely official duties to be work done for the county and not for the applicants. The time of a salaried public official consumed in work incidental to his official duties and done during office hours belongs to his employer and not to him, and if a charge is made for such work it inures to the benefit of the employer and not to that of the public employee. Any other rule would tend to make a salaried public office a place for private gain in addition to the salary. It was to abolish the difficulties connected with the fee system that salaries were substituted. Fees

should not be allowed to creep in again except by express legislative direction. We therefore hold that, in the case of salaried public officials who are required to turn in all fees of office, fees for work done during office hours and incidentally connected with their official duties belong to the public and not to the employee unless there is a clear, valid direction to the contrary, such as the ten-cent fee allowed the county clerk for the issuance of every hunting license. Sub. (7), sec. 29.09, Stats.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the complaint upon the merits.

A motion for a rehearing was denied, without costs, on March 10, 1925.